UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICIO GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>EAST LOS ANGELES SHERIFF DEPARTMENT,<br><br>Defendant. | Case No. 2:19-cv-07867-SVW-JC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

**I.    INTRODUCTION**

On September 11, 2019, plaintiff Mauricio Gonzalez, who is currently in custody at the California Rehabilitation Center in Norco, California, is proceeding *pro se*, and has been granted leave to proceed without prepayment of filing fees ("IFP"), filed a Civil Rights Complaint ("Complaint" or "Comp.") with an exhibit (Comp. Ex.) pursuant to 42 U.S.C. § 1983 ("Section 1983") against the East Los Angeles Sheriff Department ("Department").  (Comp. at 1, 3).  Plaintiff essentially complains about the circumstances of his detention, and seeks monetary and unspecified injunctive and declaratory relief.  (Comp. at 5-6).

As the Complaint is deficient in multiple respects, including those detailed below, it is dismissed with leave to amend.

## II. THE COMPLAINT

Construed liberally, the Complaint essentially alleges the following:

On an unspecified hot and sunny day in the Fall of 2017, between approximately 12 and 1 p.m., plaintiff, who was with his brother-in-law, was pulled over in a traffic stop by two Department deputies – one male and one female – because plaintiff had paper license plates. (Comp. at 3, 5; Comp. Ex. ¶ 20). The deputies searched and then detained the men for no apparent reason. (Comp. at 5; Comp. Ex. ¶ 20). The deputies placed plaintiff in the rear passenger seat of a black and white patrol unit and kept him there for several hours without ventilation – the windows were up and the internal climate unit was off. (Comp. at 5; Comp. Ex. ¶ 20). At some point, the heat became unbearable and plaintiff blacked out. (Comp. at 5; Comp. Ex. ¶ 20). To his shock and terror, plaintiff regained consciousness in a holding cell with EKG patches on his body and pain from what an x-ray revealed to be a dislocated right shoulder. (Comp. at 5). Plaintiff was fingerprinted and released without further incident. (Comp. at 5). This incident caused plaintiff lingering emotional scars, including PTSD and night terrors, and left him with an irrational fear of authority figures. (Comp. at 6; Comp. Ex. ¶¶ 19, 21).

Plaintiff appears to claim that the foregoing conduct violated his Fourth Amendment right to be free from seizure without a warrant and probable cause and his Eighth Amendment right to be free from cruel and unusual punishment.

## III. PERTINENT LAW

### A. The Screening Requirement

As plaintiff is a prisoner proceeding IFP on a civil rights complaint against governmental defendants, the Court must screen the Complaint, and is required to dismiss the case at any time it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B); Byrd

v. Phoenix Police Department, 885 F.3d 639, 641 (9th Cir. 2018) (citations omitted).

When screening a complaint to determine whether it states any claim that is viable, the Court applies the same standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) (citation omitted). Rule 12(b)(6), in turn, is read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure. Zixiang Li v. Kerry, 710 F.3d 995, 998-99 (9th Cir. 2013). Under Rule 8, each complaint filed in federal court must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, at a minimum a complaint must allege enough specific facts to provide *both* "fair notice" of the particular claim being asserted *and* "the grounds upon which [that claim] rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (citing id. at 555). In addition, under Rule 10 of the Federal Rules of Civil Procedure, a complaint, among other things, must (1) state the names of "all the parties" in the caption; (2) state a party's claims in sequentially "numbered paragraphs, each limited as far as practicable to a single set of circumstances"; and (3) where "doing so would promote clarity," state "each claim founded on a separate transaction or occurrence . . . in a separate count. . . ." Fed. R. Civ. P. 10(a), (b).

To avoid dismissal on screening, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Byrd, 885 F.3d at 642 (citations omitted); see also Johnson v. City of Shelby, Mississippi, 574 U.S. 10, __, 135 S. Ct. 346, 347 (2014) (per curiam) (Twombly and Iqbal instruct that plaintiff "must plead facts sufficient to show that

3

[plaintiff's] claim has substantive plausibility"). A claim is "plausible" when the facts alleged in the complaint would support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. Iqbal, 556 U.S. at 678 (citation omitted); see also Keates v. Koile, 883 F.3d 1228, 1242 (9th Cir. 2018) ("[A] [Section 1983] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.") (quoting id. at 676); Gauvin v. Trombatore, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (complaint "must allege the basis of [plaintiff's] claim against *each* defendant" to satisfy Rule 8 requirements) (emphasis added). Allegations that are "merely consistent with" a defendant's liability, or reflect only "the mere possibility of misconduct" do not "show[] that the pleader is entitled to relief" (as required by Fed. R. Civ. P. 8(a)(2)), and thus are insufficient to state a claim that is "plausible on its face." Iqbal, 556 U.S. at 678-79 (citations and quotation marks omitted).

At this preliminary stage, "well-pleaded factual allegations" in a complaint are assumed true, while "[t]hreadbare recitals of the elements of a cause of action" and "legal conclusion[s] couched as a factual allegation" are not. Id. (citation and quotation marks omitted); Jackson v. Barnes, 749 F.3d 755, 763 (9th Cir. 2014) ("mere legal conclusions 'are not entitled to the assumption of truth'") (quoting id.), cert. denied, 135 S. Ct. 980 (2015).

In general, civil rights complaints are interpreted liberally in order to give *pro se* plaintiffs "the benefit of any doubt." Byrd, 885 F.3d at 642 (citations and internal quotation marks omitted). Nonetheless, *pro se* plaintiffs must still follow the rules of procedure that govern all litigants in federal court, including the Rule 8 requirement that a complaint minimally state a short and plain statement of a claim that is plausible on its face. See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.") (citation omitted), cert. denied,

516 U.S. 838 (1995); see also Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 954 (9th Cir. 2011) (en banc) ("[A] liberal interpretation of a . . . civil rights complaint may not supply essential elements of [a] claim that were not initially pled.") (quoting Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992)) (quotation marks omitted; ellipses in original).

If a *pro se* complaint is dismissed because it does not state a viable claim, the court must freely grant "leave to amend" (that is, give the plaintiff a chance to file a new, corrected complaint) if it is "at all possible" that the plaintiff could fix the identified pleading errors by alleging different or new facts. Cafasso v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (citation omitted); Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc) (citations and internal quotation marks omitted).

**B.    Section 1983 Claims**

To state a Section 1983 claim, a complaint must allege that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights. 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). There is no vicarious liability in Section 1983 lawsuits. Iqbal, 556 U.S. at 676. Hence, a government official may not be held liable under Section 1983 unless the particular official's own actions caused the alleged constitutional deprivation. OSU Student Alliance v. Ray, 699 F.3d 1053, 1069 (9th Cir. 2012) (citing id.), cert. denied, 571 U.S. 819 (2013). A Section 1983 plaintiff must establish both causation-in-fact and proximate (*i.e.*, legal) causation. See Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008). Allegations regarding Section 1983 causation "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (citations omitted).

5

An individual government official "causes" a constitutional deprivation when he (1) "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation"; or (2) "set[s] in motion a series of acts by others which the [defendant] knows or reasonably should know would cause others to inflict the constitutional injury." Lacey v. Maricopa County, 693 F.3d 896, 915 (9th Cir. 2012) (en banc) (quoting Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)) (quotation marks omitted).

### C. Fourth Amendment

#### 1. Arrests

Police officers must have probable cause to make an arrest without a warrant. Beck v. Ohio, 379 U.S. 89, 91 (1964). When a warrantless arrest lacks probable cause, it violates the Fourth Amendment and may support a Section 1983 claim for damages. Rosenbaum v. Washoe County, 663 F.3d 1071, 1076 (9th Cir. 2011) (citation omitted). In general, police officers have probable cause to make an arrest when the facts and circumstances within their own knowledge and of which they had "reasonably trustworthy information" would lead "a reasonably prudent person to believe that the suspect has committed a crime." Beck, 379 U.S. at 91 (citations omitted); Rosenbaum 663 F.3d at 1076 (citation omitted). Courts must consider "the totality of circumstances known to the arresting officers" when determining whether a prudent person could have found a "fair probability" that a crime had been committed. Crowe v. County of San Diego, 608 F.3d 406, 432 (9th Cir. 2010) (citation omitted), cert. denied, 562 U.S. 1135 (2011). "Because the probable cause standard is objective, probable cause supports an arrest so long as the arresting officers had probable cause to arrest the suspect for any criminal offense, regardless of their stated reason for the arrest." Edgerly v. City and County of San Francisco, 599 F.3d 946, 954 (9th Cir. 2010) (citing Devenpeck v. Alford, 543 U.S. 146, 153-55 (2004)).

### 2. Excessive Force

Where a claim of excessive force arises in the context of an investigatory stop, arrest, or other "seizure" of a free citizen, the claim is "properly analyzed under the Fourth Amendment's 'objective reasonableness' standard." Graham v. Connor, 490 U.S. 386, 388 (1989).

Although the Ninth Circuit has not squarely addressed the issue of a post-arrest detention in a hot, unventilated police vehicle in a published decision, it appears that this conduct can constitute excessive force under the Fourth Amendment. See Kassab v. San Diego Police Dep't, 453 Fed. App'x 747, 748 (9th Cir. 2011). In Kassab, the plaintiff stated that "he was detained in a police car for more than four hours, with the windows rolled up, no air conditioning, and an interior temperature of 115 degrees," and claimed that as a result, he "suffered from heat stroke, had difficulty breathing, and almost passed out several times." Id. The Ninth Circuit reversed the district court's grant of summary judgment to the defendants, finding that a genuine issue of material fact existed as to whether defendants used excessive force in confining the plaintiff to the hot police car. Id.; see also Burchett v. Kiefer, 310 F.3d 937, 945 (6th Cir. 2002) (post-arrest detention in police vehicle with windows rolled up in 90 degree heat for three hours constituted excessive force under the Fourth Amendment).

Whereas an "unnecessary exposure to heat" may cause a constitutional violation, see Dillman v. Tuolumne Cnty., 2013 WL 1907379, at *10 (E.D. Cal. May 7, 2013) (discussing cases), being briefly confined in uncomfortable conditions, such as a hot patrol car, does not amount to a constitutional violation. See Arias v. Amador, 61 F. Supp. 3d 960, 976 (E.D. Cal. 2014) (post-arrest detention for approximately 15 minutes in "very hot" police car in which window rolled down about 4 inches not in violation of the Fourth Amendment); Estmon v. City of New York, 371 F. Supp. 2d 202, 214 (S.D.N.Y. 2005) (finding no Fourth Amendment violation where plaintiff held in hot police car for ten minutes without

injury); <u>Glenn v. City of Tyler</u>, 242 F.3d 307, 314 (5th Cir. 2001) (finding no Fourth Amendment violation where plaintiff left in unventilated vehicle in sun for approximately 30 minutes).

    **D.    Eighth Amendment**

The Eighth Amendment – which prohibits the infliction of cruel and unusual punishment – applies only to convicted inmates, not pretrial detainees. <u>See Graham v. Connor</u>, 490 U.S. at 392 n.6 (the Eighth Amendment's prohibition against cruel and unusual punishment applies only after conviction and sentence).

**IV.  DISCUSSION**

The Complaint – which identifies the Department, in its official capacity as the sole defendant – fails to state a viable Section 1983 claim against such entity.

A local government entity – like the Department – cannot be held liable under Section 1983 solely because it employs a tortfeasor. <u>Monell v. New York City Department of Social Services</u>, 436 U.S. 658, 692 (1978). The entity may be held liable only where actions taken pursuant to an official government "policy" caused an alleged constitutional deprivation. <u>Connick v. Thompson</u>, 563 U.S. 51, 60-61 (2011) (citing <u>Monell</u>, 436 U.S. at 692). Thus, a plaintiff who seeks to hold a local government entity liable under Section 1983 must essentially demonstrate that (1) an employee or other official with the government entity violated the plaintiff's constitutional rights; (2) the official's actions were taken while implementing or executing the entity's "official" government policy; and (3) the entity's policy was the "moving force" behind the unconstitutional actions. <u>See Monell</u>, 436 U.S. at 690-91; <u>Dougherty v. City of Covina</u>, 654 F.3d 892, 900 (9th Cir. 2011) (citation and quotation marks omitted), <u>cert. denied</u>, 569 U.S. 904 (2013); <u>see also</u> <u>Rodriguez v. County of Los Angeles</u>, 891 F.3d 776, 802 (9th Cir. 2018) (9th Cir. 2018) (describing "three possible theories" of Section 1983 liability for local government entities) (citation omitted).

///

Here, assuming for purposes of analysis that the individual deputies' alleged detention of plaintiff without a warrant and probable cause in an unventilated hot patrol car for several hours violated the Fourth Amendment,[1] plaintiff fails to allege that the deputies' action were taken pursuant to an official government policy or that any such policy was the moving force behind the deputies' alleged unconstitutional actions. See, e.g., Kassab, 453 Fed. App'x at 748 (affirming district court's grant of summary judgment in favor of City on excessive force claim because plaintiff failed to create triable dispute as to whether exposure to excessive heat was product of City custom or practice or failure to train).

## V. ORDERS

In light of the foregoing, IT IS HEREBY ORDERED that the Complaint is dismissed with leave to amend.

IT IS FURTHER ORDERED that within twenty (20) days of the date of this Order, plaintiff must do one of the following:

1. File a First Amended Complaint which cures the pleading defects set forth herein;[2] or

---

[1] As noted above, the alleged conduct could not violate the Eighth Amendment because such provision applies only to convicted inmates, not pretrial detainees. See Graham, 490 U.S. at 392 n.6.

[2] The Clerk is directed to provide plaintiff with a Central District of California Civil Rights Complaint Form, CV-66, to facilitate plaintiff's filing of a First Amended Complaint if he elects to proceed in that fashion. Any First Amended Complaint must: (a) be labeled "First Amended Complaint"; (b) be complete in and of itself and not refer in any manner to the original Complaint – i.e., it must include all claims on which plaintiff seeks to proceed (Local Rule 15-2); (c) contain a "short and plain" statement of each of the claim(s) for relief (Fed. R. Civ. P. 8(a)); (d) make each allegation "simple, concise and direct" (Fed. R. Civ. P. 8(d)(1)); (e) set forth clearly the sequence of events giving rise to the claim(s) for relief; (f) allege specifically what each defendant did and how that individual's conduct specifically violated plaintiff's civil rights; and (g) not add defendants or claims that are not reasonably related to the claims asserted in the original Complaint. To the extent plaintiff elects to include in a First Amended Complaint, the individual arresting deputies as defendants in their individual capacities, he is

(continued...)

2. Sign and file the attached Notice of Dismissal which will result in the voluntary dismissal of this action without prejudice; or

3. File a Notice of Intent to Stand on Complaint, indicating plaintiff's intent to stand on the original Complaint despite the pleading defects set forth herein, which may result in the dismissal of this action in its entirety based upon such defects.

**Plaintiff is cautioned that plaintiff's failure timely to file a First Amended Complaint, a Notice of Dismissal, or a Notice of Intent to Stand on Complaint may be deemed plaintiff's admission that amendment is futile, and may result in the dismissal of this action with or without prejudice on the grounds set forth above, on the ground that amendment is futile, for failure diligently to prosecute and/or for failure to comply with this Order.**

IT IS SO ORDERED.

DATED: October 7, 2019

_____
HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Attachments

---

[2](...continued)
also reminded that he must state their names (or, if he does not know their names, refer to them as "John Doe" and "Jane Doe") in the caption. Fed. R. Civ. P. 10(a).